# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY RANDALL RUDY QUAID : <br> 325 North Maple Drive, #17372 : <br> Beverly Hills, California 90209 : <br> : <br> EVGENIA HELENA QUAID : <br> 325 North Maple Drive,  #17372 : <br> Beverly Hills, California 90209 : <br> : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> JOHN KERRY : <br> In his capacity as Secretary of State : <br> of the United States : <br> U.S. Department of State : <br> 2201 C Street, NW : <br> Washington, D.C. 20520 : <br> : <br> PLEASE SERVE:  U.S. Department of State : <br>                ATTN: Executive Director : <br>                2201 C Street, NW : <br>                Suite 4330, L/EX : <br>                Washington, D.C. 20520 : <br> : <br> UNITED STATES DEPARTMENT : <br> OF STATE : <br> 2201 C Street, NW : <br> Washington, D.C. 20520 : <br> : <br> PLEASE SERVE:  U.S. Department of State : <br>                ATTN: Executive Director : <br>                2201 C Street, NW : <br>                Suite 4330, L/EX : <br>                Washington, D.C. 20520 : <br> : <br>     Defendant(s). : | <br><br><br><br><br><br><br><br><br><br> Case No.: _____ <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **Demand for Jury Trial** |

**COMPLAINT**

COMES NOW, the Plaintiffs, RANDY RANDALL RUDY QUAID ("Mr. Quaid") and EVGENIA HELENA QUAID ("Mrs. Quaid") (collectively "Mr. and Mrs. Randy Quaid", the "Quaids" or "Plaintiffs"), by counsel, Dirk McClanahan (VSB 81208) of the law firm McClanahan Powers, PLLC, Counsel for Plaintiff, and moves this Honorable Court for judgment against the Defendant, United States Department of State, ("DOS" or "Defendant"), on the grounds and praying for the relief hereinafter set forth:

INTRODUCTION

1. Plaintiffs brings this action against DOS for deprivation of rights secured by the Privileges or Immunities Clause of the Fourteenth Amendment as protected by 42 U.S.C. § 1983.

PARTIES

2. Plaintiffs, the Quaids, at all relevant times herein, were residents of the State of Texas.

3. The Defendant, DOS, is the United States federal executive department responsible for international relations of the United States, with a principal place of business located at 2201 C Street NW, Washington, DC 20520.

JURISDICTION AND VENUE

4. Plaintiff alleges the deprivation of rights secured by the Privileges or Immunities Clause of the Fourteenth Amendment as protected by 42 U.S.C. § 1983. Jurisdiction over this claim is vested in this Court by 28 U.S.C. §§ 1331, 2201, and 2202.

5. This action arises under the Constitution and laws of the United States. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1361, jurisdiction to render declaratory and injunctive relief under 28 U.S.C. §§ 2201 & 2202.

6. Jurisdiction also exists under the APA, 5 U.S.C. § 701-708, which in relevant part, authorizes a court to "set aside agency action, findings, and conclusions of law found to be . . . not in accordance with law… contrary to constitutional right, power, privilege, and immunity"; and provides a right to judicial review of all "final agency action..."

7. Venue is appropriate under 28 U.S.C. § 1391(b) as the Defendant's principal place of business is in the District of Columbia.

## STATEMENT OF FACTS

8. Plaintiffs, Mr. and Mrs. Randy Quaid, are United States citizens and residents of the State of Texas.

9. Plaintiffs, Mr. and Mrs. Quaid, were born in the continental United States.

10. Defendant revoked Mr. and Mrs. Randy Quaid's passports on or around December 12, 2013 stating, pursuant to 22 C.F.R. 51.62(a)(1) and 22 C.F.R. 51.60(b)(9).

11. Mr. and Mrs. Randy Quaid were in Canada visiting in order for Randy Quaid to receive an acting award for his work in a film that was previously filmed in Canada.

12. Mr. and Mrs. Randy Quaid's passports were taken from them by the Defendants by form letter from the Washington State Department.  Mr. and Mrs. Randy Quaid are left with their passports revoked as the final decision on the matter.  Mr. and Mrs. Randy Quaid have exhausted all administrative remedies.

13. The revocation and subsequent taking of Mr. and Mrs. Randy Quaids' passports and refusal to reinstate the passports deprive Mr. and Mrs. Randy Quaid their legal identity as American Citizens and violates their constitutional rights.

14. The Mr. and Mrs. Randy Quaid remain located in a foreign country as of the date of this

Complaint unable to identify themselves as American citizens.

15. Randy Quaid is an actor of such films as *Kingpin*, *LBJ The Early Years*, *Christmas Vacation*, *Midnight Express*, *Real time*, *Duddy Kravitz*, and requires his passport for work that requires filming all over the world. The revocation of Mr. and Mrs. Randy Quaid's passports continue to cause a tremendous amount of emotional and financial hardship, effectively putting actor Randy Quaid out of work.

16. A United States citizen's ability to keep a passport while abroad as a document proving his or her legal identity and citizenship is an absolute right guaranteed as a privilege and immunity of American citizenship, much like the ability to freely travel interstate. *See* Patrick Weil, *Citizenship, Passports, and the Legal Identity of Americans: Edward Snowden and Others Have a Case in the Courts*, 123 Yale L.J. F. 565 (2014), http://yalelawjournal.org/forum/citizenship-passports-and-the-legal-identity-of-americans (examining the right for a citizen to possess a passport confirming his or her legal identity—including citizenship—while abroad, as further detailed below).

17. The Fourteenth Amendment states that "all persons born or naturalized in the United States . . . are citizens of the United States," and that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

18. An American passport serves a dual function: (1) guaranteeing the right of American citizens to travel freely, and (2) serving to identify the bearer as an American citizen.

19. The second dimension of a passport—legal identification as an American citizen—was first recognized by the Supreme Court in *Urtetiqui v. D'Arcy*, 34 U.S. 692 (1835), which states:

> [A passport] is a document, which, from its nature and object, is addressed to foreign powers; purporting only to be a request, that the bearer of it may pass safely and freely; and is to be considered rather in the character of a political document, by which the bearer is recognized, in foreign countries, as an American citizen; and which, by usage and the law of

nations, is received as evidence of the fact.

20. This distinction between the ability to travel freely, and the ability to possess legal identification as a United States citizen was later reaffirmed in *Haig v. Agee*, 453 U.S. 280 (1981).

21. The absolute right of protection of an individual's citizenship was first affirmed by the Supreme Court in *Afroyim v. Rusk*, 387 U.S. 253 (1967); see also *Vance v. Terrazas*, 444 U.S. 252 (1980); *Rogers v. Bellei*, 401 U.S. 815 (1971).

22. In *Afroyim*, the Supreme Court held:

> [T]he Fourteenth Amendment was designed to, and does, protect every citizen of this Nation against a congressional forcible destruction of his citizenship, whatever his creed, color, or race. Our holding does no more than give to this citizen which is his own, constitutional right to remain a citizen in a free country unless he voluntarily relinquishes that citizenship.

23. Since the *Afroyim* decision, the Citizenship Clause of the Fourteenth Amendment has been interpreted as a right that is granted absolute protection, regardless of any crime or illegal act committed by the citizen.

24. As such, the revocation of the Quaids' passports deprive Plaintiffs of their legal identity as American citizens, which is a fundamental right of American citizens under the Privileges and Immunities Clause of the Fourteenth Amendment.

25. As a direct, foreseeable, and proximate result of DOS's revocation of Plaintiffs' passports, Plaintiffs have been unable to work abroad or possess identification of American citizenship, and Plaintiffs have incurred various expenses and hardships as a result.

## STATEMENT OF CLAIMS

## COUNT 1 ( )

26. The Plaintiffs restate, re-plead, and incorporate by reference each and every allegations set

forth above, and aver that the Defendant has deprived Plaintiffs of rights secured by the Privileges or Immunities Clause of the Fourteenth Amendment.

27. By revoking Plaintiffs' passports, Defendants DOS violated Plaintiffs' ability to possess documentation of legal identity and American citizenship while abroad, which is protected by the Privileges and Immunities Clause of the Fourteenth Amendment.

28. An actual controversy exists between the parties, and Plaintiffs are suffering ongoing and irreparable harm by Defendant's revocation of their passports, and the harm will continue unless such action is declared unlawful by this Court.

29. As a direct, foreseeable, and proximate result of DOS's revocation of Plaintiffs' passports, Plaintiffs have been unable to work abroad or possess identification of American citizenship, and incurred various expenses as a result.

    **WHEREFORE**, Plaintiffs respectfully request relief as follows:

    a. To enter declaratory judgment that Defendant's revocation of Plaintiffs' passports violates the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

    b. To permanently enjoin Defendant, their agents, representatives, and employees, from implementing rules and regulations to authorize the revocation of passports for purposes of identification as United States citizen while abroad;

    c. To enjoin Defendant to return Plaintiffs' passports to them and remove any restrictions or revocations on their use of their passports;

    d. For costs of this lawsuit;

    e. For reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 (b); and

    f.  Any such further legal and equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Respectfully submitted,

EVGENIA HELENA QUAID, and
RANDY RANDALL RUDY QUAID

By Counsel

McClanahan Powers, PLLC


By: _____
Dirk McClanahan
D.C. Bar No.: 1019009
McClanahan Powers, PLLC
1604 Spring Hill Road, Suite 321
Vienna, Virginia  22182
Tel: (703) 520-1326
Fax: (703) 828-0205
dmcclanahan@mcplegal.com
*Counsel for Plaintiffs*